PEOPLE v KINCADE (ON REMAND)

Docket No. 153264. Submitted May 5, 1994, at Detroit. Decided August 16, 1994, at 9:00 A.M. Leave to appeal sought.

Dennis J. Kincade was convicted by a jury in the Recorder's Court of Detroit of first-degree murder and possession of a firearm during the commission of a felony. The defendant appealed, and the Court of Appeals, MAHER, P.J., and SHEPHERD and G. S. ALLEN, JR., JJ., affirmed. 162 Mich App 80 (1987). The defendant thereafter filed in the Recorder's Court a motion for a new trial, which was denied. The Court of Appeals denied leave to appeal from the denial of the order (Docket No. 104129). The Supreme Court also denied leave. 432 Mich 909 (1989). The defendant again moved for a new trial in the Recorder's Court, which was denied, and the Court of Appeals denied the defendant's application for leave to appeal (Docket No. 121864). The Supreme Court remanded the matter to the Recorder's Court with instructions that it was to hold a hearing on the defendant's claim of a new trial based on the denial of effective assistance of counsel and that it was to appoint an attorney for the defendant if he was indigent. 436 Mich 883 (1990). An attorney was appointed, hearings were held, and the Recorder's Court, Michael J. Talbot, J., denied the motion for a new trial, ruling that the defendant had failed to sustain his claim of ineffective assistance of trial and appellate counsel. The defendant filed in the Court of Appeals a complaint for superintending control, challenging the failure of the Recorder's Court to appoint appellate counsel or provide him with transcripts of the hearings. The Court of Appeals directed that the Recorder's Court provide the defendant with a copy of its decision and the transcripts of the hearings, but denied the complaint for superintending control for lack of merit. *In re Kincade,* unpublished order of the Court of Appeals, decided October 16, 1991 (Docket No. 141703). Contemporaneously with the filing of the complaint for superintending control, the defendant filed a claim of appeal, contending that the decision of the Recorder's Court was a final judgment that was appealable as of right (Docket No. 140764). When the defendant failed to respond to the Court's request for copies of the trial court's order and opinion, the Court of Appeals dismissed the appeal.

The Supreme Court remanded the matter to the Court of Appeals for consideration as on leave granted. 439 Mich 1022 (1992).

The Court of Appeals *held:*

1. Because the Court of Appeals affirmed the defendant's convictions and sentences in the original appeal, the right to appointment of counsel in the subsequent proceedings relative to the motions for a new trial is governed by the court rules. When the Supreme Court remanded for the hearing on the motion for a new trial, the defendant's right to appointment of counsel arose as a result of the contested nature of the proceedings, which required appointment of counsel pursuant to MCR 6.505.

2. Because the proceedings on remand were not a continuation of the defendant's original appeal as of right, no further appeal as of right would lie, and any further appeals from decisions relative to the defendant's attempts to seek relief from judgment would be by leave to appeal only. MCR 6.509(A). However, where, as here, counsel is appointed in the trial court, the appointed counsel is authorized to represent the defendant in connection with an application for leave to appeal to the Court of Appeals the trial court's decision of the matter for which the appointment was made. MCR 6.509(B). It is for the appointed attorney to decide in the exercise of professional discretion whether to seek leave to appeal on behalf of the defendant. No such decision has been made in this case.

3. Although no claim of appeal exists, the defendant or his previously appointed counsel may file a delayed application for leave to appeal, providing that the application for leave to appeal is filed within the time limit of MCR 7.205(F) as extended by the period during which that time limit was tolled by the various appellate proceedings.

Appeal dismissed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Carolyn M. Breen,* Assistant Prosecuting Attorney, for the people.

Dennis J. Kincade, in propria persona.

ON REMAND

Before: GRIFFIN, P.J., and SAWYER and P. H. CHAMBERLAIN,* JJ.

PER CURIAM. Pursuant to the Michigan Supreme Court's order of June 1, 1992, this case comes to this Court for plenary consideration "as on leave granted." 439 Mich 1022 (1992).

The procedural history of this case is lengthy, but not complex. In 1985, after a jury trial in the Recorder's Court, defendant was convicted of first-degree murder and possession of a firearm during the commission of a felony. On August 20, 1985, he received the statutory sentence for each offense.

A claim of appeal was filed, and defendant's convictions were affirmed. *People v Kincade,* 162 Mich App 80; 412 NW2d 252 (1987). No further appeal was sought.

On September 9, 1987, defendant, proceeding in propria persona, filed a motion in the lower court that he styled as one for a new trial. That motion was denied by an order dated September 14, 1987. A delayed application for leave to appeal from that order was filed in the Court of Appeals, which denied leave. Unpublished order of the Court of Appeals, decided November 22, 1988 (Docket No. 104129). The Supreme Court denied leave on May 31, 1989. 432 Mich 909 (1989).

Subsequently, defendant again moved for a new trial in the Recorder's Court. From denial of that motion, defendant filed an application for leave to appeal in the Court of Appeals, which was denied. Unpublished order of the Court of Appeals, decided March 15, 1990 (Docket No. 121864).

However, our Supreme Court, in *People v Kin-*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*cade,* 436 Mich 883 (1990), remanded the matter to the Recorder's Court with instructions "to provide a hearing on the defendant's claim that he should receive a new trial because he was denied effective assistance of counsel. MCR 7.302(F)(1)." Furthermore, the Court provided that "[o]n remand, if the defendant is indigent, the court is to appoint an attorney who has not previously represented the defendant."

Hearings were held on January 23 and 24 and April 26, 1991, for which attorney Kimberly Reed was appointed to represent defendant. On April 26, 1991, the trial court denied the motion for a new trial, ruling that defendant's claim of ineffective assistance of trial and appellate counsel had not been sustained.

Defendant filed a claim of appeal in the Court of Appeals, contending that the Recorder's Court decision was a "final judgment" appealable as of right. When defendant failed to respond to correspondence from the clerk's office of this Court, requesting a copy of the trial court's order and opinion as required by MCR 7.204(C)(1), this Court dismissed the appeal. Unpublished order of the Court of Appeals, decided on October 17, 1991 (Docket No. 140764).

Contemporaneously with defendant's filing of a claim of appeal in Docket No. 140764, defendant filed a complaint for superintending control. That complaint challenged the Recorder's Court's failure or refusal to provide defendant with appointed appellate counsel following the hearings and the alleged refusal of the Recorder's Court to provide defendant with transcripts of those hearings. This Court issued a peremptory order pursuant to MCR 7.206(D)(3), directing the Recorder's Court forthwith to provide defendant with a copy of its decision of April 26, 1991, and with a transcript of the

proceedings on remand. The order further provided that, in all other respects, "the complaint for superintending control is denied for lack of merit in the grounds presented. MCR 7.205; *Ross v Moffitt,* 417 US 600; 94 S Ct 2437; 41 L Ed 2d 341 (1974)." *In re Kincade,* unpublished order of the Court of Appeals, decided October 16, 1991 (Docket No. 141703). The citation of *Ross* and MCR 7.205 was an effort to suggest that an appeal as of right would not lie from such an order and, thus, that there would be no right to appointed counsel on appeal therefrom. *Ross* holds that the Sixth Amendment right to appointment of counsel for indigent criminal defendants on appeal applies only to first appeals or appeals as of right and not to subsequent, discretionary appeals.

It is the decision in Docket No. 140764 that has been returned to this Court "for consideration as on leave granted." Defendant contends he is entitled to the appointment of counsel and to an appeal as of right in these circumstances. We disagree.

In *People v Jones,* 394 Mich 434; 231 NW2d 649 (1975), our Supreme Court reaffirmed its holding in *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), that where an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand. From the second appeal under those circumstances, a defendant is entitled to the full panoply of ancillary rights, such as the right to the assistance of appointed counsel if indigent. Const 1963, art 1, § 20.

Granting that proposition, it has no application here. In resolving defendant's appeal as of right by published opinion, this Court did not remand or otherwise leave open any issue raised for further

resolution on remand. Defendant's postappeal motions for a new trial, all of which were filed more than eighteen months after the original sentencing date, MCR 7.205(F), were reviewable only as motions for relief from judgment pursuant to MCR 6.501 *et seq.* When the Supreme Court remanded for an evidentiary hearing, the invocation of defendant's right to the appointment of counsel in conjunction with the motion for relief from judgment was the result of the fact that an evidentiary hearing had been ordered. MCR 6.505.

Because the proceedings on remand were not a continuation of defendant's appeal as of right, no further appeal as of right could lie therefrom; appeals from decisions under the relief from judgment chapter are by leave to appeal only. MCR 6.509(A). However, in any such appeal, where the trial court, as here, has appointed counsel for the defendant during the proceeding, that appointment "authorizes the attorney to represent the defendant in connection with an application for leave to appeal to the Court of Appeals." MCR 6.509(B).

The rule in that respect is not mandatory in terms of the lawyer's obligation; rather, the matter is left to the lawyer's professional discretion, as this Court recently recognized in a peremptory order in *People v Baber,* unpublished order of the Court of Appeals, decided February 18, 1994 (Docket No. 169488):

> Once the circuit court determined that oral argument was necessary to resolve one or more aspects of the motion for relief from judgment, it became mandatory to appoint counsel for defendant, MCR 6.505(A), assuming defendant's indigence. When counsel is once appointed pursuant to that rule, and the trial court ultimately concludes that the motion for relief from judgment should be

denied, counsel has authority to appeal, but not a mandate, and therefore must exercise professional discretion in determining whether to seek leave to appeal that decision to this Court. MCR 6.509(B).

Here, defendant's appeal is discretionary. Thus, the extent of defendant's right to the assistance of counsel is provided by court rule, MCR 6.509(B), rather than the requirements of the Sixth and Fourteenth Amendments as delineated in *Ross, supra.* It is for attorney Kimberly Reed, in the exercise of her professional discretion, to decide whether a substantive challenge to the order denying the motion for relief from judgment should be sought in this Court by a delayed application for leave to appeal, a decision that it appears defendant has not yet requested her to make. That decision can still be made, because the eighteen-month time limitation of MCR 7.205(F) was tolled during the time the various appellate proceedings connected with the order denying relief from judgment have been pending in this Court or the Supreme Court. *Riza v Niagara Machine & Tool Works, Inc,* 411 Mich 915 (1980).

Accordingly, defendant's appeal is dismissed without prejudice to the filing of a delayed application for leave to appeal from the order denying relief from judgment, whether by counsel previously appointed or by defendant in propria persona, if brought within the time otherwise allowed by MCR 7.205(F).

This Court retains no further jurisdiction.