# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 1, 2008

133294

RICK BEAVERS,
         Plaintiff-Appellant,

v

BARTON MALOW COMPANY, JOMAR
BUILDING COMPANY, INC., SPILLIS
CARDELLA, DMJM, a/k/a DMJA, INC.,
and ROBERT SMITH,
         Defendants-Appellees.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 133294
COA: 269007
Wayne CC: 03-309389-NO

On December 5, 2007, the Court heard oral argument on the application for leave to appeal the January 18, 2007 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, and we REMAND this case to that court for it to exercise its discretion as to whether to hear the appeal. The Court of Appeals erred in dismissing the appeal on the basis of MCR 7.205(F)(3) because, in doing so, it ignored *Riza v Niagara Machine & Tool Works, Inc*, 411 Mich 915 (1980), and *People v Kincade (On Remand)*, 206 Mich App 477, 483 (1994). This Court plans to open an administrative file to explore whether to amend MCR 7.205(F)(3), in recognition of the uncertainty present in cases like this one.

CORRIGAN, J., dissents and states as follows:

I respectfully dissent because tolling is not appropriate in this case under *Riza v Niagara Machine & Tool Works, Inc*, 411 Mich 915 (1981), or *People v Kincade (On Remand)*, 206 Mich App 477 (1994). *Riza*, a one-paragraph peremptory order of this Court, stated that the 18-month period for delayed appeal provided in former GCR 1963, 806.2 was tolled while the plaintiff's claim of appeal was pending. *Riza, supra* at 915. We offered no legal analysis and no description of the facts in that case. The Court of Appeals opinion in *Kincade* in turn cited *Riza* in the context of a criminal defendant's complex series of applications to the Court of Appeals. The defendant initially filed a

claim of right and petition for superintending control in the Court of Appeals, seeking the appointment of new counsel to appeal a circuit court order denying his postconviction motion for a new trial. *Kincade, supra* at 480. The Court of Appeals dismissed both the claim of right and the petition. *Id.* This Court ultimately directed the Court of Appeals to consider as on leave granted the substantive questions presented in the defendant's purported claim of right, which included whether he was constitutionally entitled to appointment of counsel and an appeal as of right under the circumstances. 439 Mich 1022 (1992); *Kincade, supra* at 481. The Court of Appeals concluded that, because the defendant sought to appeal an order denying a motion for relief from judgment, he could only seek leave to appeal and any right to counsel was governed by MCR 6.509(B). *Kincade, supra* at 483. The panel relied on *Riza* to conclude that, if the attorney previously appointed to pursue the defendant's postconviction motion concluded that an application for leave was warranted, she could still file such an application because the period for late appeal was tolled "during the time the various appellate proceedings connected with the order denying relief from judgment ha[d] been pending in [the Court of Appeals] or the Supreme Court." *Id.* at 483. The cases cited in the order offer no authority to establish that the period for late appeal was tolled here. MCR 7.205(F)(1) explicitly prohibits tolling under the circumstances of this case. MCR 7.205(F)(1) permits a party to apply for late appeal "[w]hen an appeal of right or an application for leave *was not timely filed*." (Emphasis added.) Here, plaintiff *did* file a *timely claim of appeal* and his claim was dismissed because, through his own negligence, he failed to comply with the Court of Appeals filing requirements. Accordingly, the Court of Appeals appropriately declined to give plaintiff a second bite at the apple. I would also deny leave. I support the Court's intention to open an administrative file, however, to address whether and when tolling of the period for late appeal is appropriate.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

*Corbin R. Davis*
Clerk

s0129