# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 15, 2016

Plaintiff-Appellee,

v

No. 324537
Wayne Circuit Court
LC No. 11-009687-FC

BOBBY JAMARIO SMITH,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317, 16 counts of assault with intent to commit great bodily harm less than murder (AWIGBH), MCL 750.84, felon in possession of a firearm (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b. Defendant was initially sentenced, as a second habitual offender, MCL 769.10, to 60 to 100 years' imprisonment for the second-degree murder conviction, 10 to 15 years' imprisonment for each AWIGBH conviction, 4 to 7 ½ years' imprisonment for the felon-in-possession conviction, and five years' imprisonment for the felony-firearm (second offense) conviction. Defendant appealed as of right, and this Court affirmed his convictions, but remanded for resentencing. See *People v Smith*, unpublished opinion per curiam of the Court of Appeals, issued February 25, 2014 (Docket No. 310436), p 17. Defendant was resentenced, as a second habitual offender, MCL 769.10, to 50 to 100 years' imprisonment for the second-degree murder conviction, 10 to 15 years' imprisonment for each AWIGBH conviction, 4 to 7 ½ years' imprisonment for the felon-in-possession conviction, and five years' imprisonment for the felony-firearm (second offense) conviction. Defendant appeals as of right. We affirm, but remand for correction of clerical errors in the judgment of sentence.

This case arises from defendant's discharge of a firearm on two separate occasions, resulting in the death of one person and injury to another. On appeal, defendant argues that his trial counsel and his appellate counsel during his first appeal in this Court provided ineffective assistance. "[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). In other words, "the scope of the second appeal is limited by the scope of the remand." *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975). Here, defendant's

appeal is limited to issues related to resentencing since this Court remanded the case to the trial court for resentencing.  See *Smith*, unpub op at 17.  However, defendant does not discuss resentencing and raises ineffective assistance of counsel claims arising from his trial and from his appellate counsel's failure to request an evidentiary hearing in the trial court with regard to trial counsel's ineffective assistance.  Since the scope of the remand was limited to resentencing, the scope of defendant's present appeal is limited to issues arising from his resentencing. Accordingly, we decline to review defendant's ineffective assistance of counsel claims.

We note, however, that there are clerical errors in the judgment of sentence from defendant's resentencing.  The judgment of sentence provides that defendant was convicted of AWIGBH with regard to Counts 2 through 18.  However, defendant was convicted of AWIGBH with regard to Counts 3 through 18, and he was acquitted of AWIGBH with regard to Count 2. Additionally, the sentencing information report for defendant's resentencing notes that his sentencing guidelines range was calculated taking into account the fact that he was a second habitual offender.  However, the judgment of sentence does not state that defendant was sentenced as a second habitual offender.  Therefore, we remand the case to the trial court for the ministerial task of correcting the judgment of sentence to reflect the fact that defendant was convicted of AWIGBH with regard to Counts 3 through 18, and to provide that defendant was sentenced as a second habitual offender, MCL 769.10.  See MCR 6.435(A); MCR 7.216(A)(7).

Affirmed and remanded for the limited task of correcting the judgment of sentence in accordance with this opinion.  We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens