# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

DAMIEN BANKS,

          Defendant-Appellant.

UNPUBLISHED
March 22, 2018

No. 336639
Macomb Circuit Court
LC No. 2013-000805-FC

Before: GLEICHER, P.J., and BOONSTRA and TUKEL, JJ

PER CURIAM.

Defendant appeals by right the trial court's opinion and order denying his request for resentencing following this Court's *Crosby*[1] remand. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This Court set forth the facts underlying defendant's convictions in his previous appeal:

Brad Bohen lived down the street from Tiffany Greathouse. After meeting in the neighborhood, Bohen became friends with Greathouse's brother, Maliki Greathouse, and her boyfriend, defendant []. On the day in question, Bohen testified that [defendant] and Maliki were visiting his home when he took a phone call from his attorney. Bohen told his attorney that he had gathered sufficient money to pay a $650 retainer plus additional fees and that he wished to procure his services. When [defendant] and Maliki heard this conversation, they allegedly looked at each other and left.

Later that day, Bohen left his home with approximately $2,500 in cash in his pocket. He travelled with his friend Renee Nomer and her two children to Costco and then to T.G.I. Friday's for dinner. While inside the restaurant, Bohen

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005), abrogated in part on other grounds by *United States v Fagans*, 406 F3d 138 (CA 2, 2005).

fielded two phone calls from [defendant]. Bohen alleged that [defendant] wanted him to purchase some Xanax and Adderall from him. Bohen told Banks that he could meet him at the restaurant. [Defendant] called once and claimed to be outside the restaurant. Bohen could not find him in the parking lot and returned to his table. Bohen testified that [defendant] called again and claimed to be waiting outside. When Bohen exited the restaurant, he saw Greathouse sitting inside a vehicle in the parking lot. Bohen asserted that Greathouse pointed toward the back of the restaurant.

Bohen walked toward the back parking lot and saw [defendant] and Lyons standing near the dumpster. Lyons is the boyfriend of Greathouse's mother and Bohen had not met him before the attack. As Bohen approached the men, someone struck him from behind in the head and he fell to the ground. [Defendant] and Lyons ran toward him, and Bohen initially believed they were coming to assist him. However, [defendant] and Lyons joined the fray, keeping him on the ground, and hitting and kicking him. A young female employee of the restaurant came out at the end of her shift and saw two tall, thin black men wearing hooded jackets beating a white man who was curled on the ground in fetal position. One man was using a "small, blunt object" that "looked like a hammer" to beat the victim in the head. She saw a third man standing watch. She yelled and the men ran away, with one man dropping something out of his pocket along the way. At the end of this encounter, Bohen had only $661 remaining in his pockets.

Bohen was hospitalized for five days and required surgery to remove a shard of his skull from his brain. Investigating officers brought photographic lineups to the hospital for Bohen's review. The first included black and white photographs and Bohen was unable to identify his attackers. In the second lineup, Bohen identified [defendant]. In a third, Bohen selected Lyons from the array.

Following a joint trial before a single jury and several days of jury deliberations, the jury . . . convicted [defendant and Lyons] of assault with intent to commit great bodily harm, armed robbery, and conspiracy to commit those offenses.[2]

Defendant was convicted by a jury of assault with intent to do great bodily harm less than murder, MCL 750.84, conspiracy to commit assault with intent to do great bodily harm less than murder, MCL 750.157a; MCL 750.84, armed robbery, MCL 750.529, and conspiracy to commit armed robbery, MCL 750.157a; MCL 750.84, and subsequently sentenced to 6 to 20 years'

---

[2] *People v Lyons*, unpublished per curiam opinion of the Court of Appeals, issued October 22, 2015 (Docket Nos. 319252 and 319889). Defendant's previous appeal was consolidated with that of his codefendant, David Lyons.

imprisonment for the two assault related charges, and 15 to 40 years' imprisonment for the two armed robbery related charges.

This Court affirmed defendant's convictions, but vacated his sentences, holding that defendant was entitled to a remand in order for the trial court to determine whether it would have imposed a materially different sentence in light of our Supreme Court's determination in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), that the sentencing guidelines were advisory only.[3] On remand, the trial court declined to resentence defendant, holding that the sentence imposed remained appropriate. Defendant now appeals a second time.

## II. SCOPE OF REMAND

Defendant argues that he is entitled to resentencing because the trial court improperly assessed defendant points for Offense Variables (OVs) 3 and 10, which he contends both should have been scored at zero. We conclude that defendant's argument is outside the scope of this Court's remand order.

"[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade*, 206 Mich App 477, 481; 522 NW2d 880 (1994), citing *People v Jones*, 394 Mich 434; 231 NW2d 649 (1975). In this case, defendant's sentences were vacated and the case remanded by this Court for proceedings "consistent with *Lockridge*, 498 Mich at 434-438," and *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005). A *Crosby* remand under *Lockridge* is "[a] remand for a determination of *whether* to resentence" a defendant. *Crosby*, 397 F3d at 117 (emphasis in original); see also *Lockridge*, 498 Mich at 398, quoting *Crosby*, 397 F3d at 120 ("[T]he trial court shall 'either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with' this opinion.).

Defendant did not raise in his initial appeal the issue of his entitlement to resentencing based on allegedly improperly scored OVs, but only argued that the trial court had engaged in judicial fact-finding with regard to those variables and that remand was required under *Lockridge*. This Court held that the trial court had engaged in judicial fact-finding in relation to the scoring of OV 3 and OV 10, and that defendant was therefore entitled to a *Crosby* remand in order for the trial court to determine whether it would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if the court had known that the guidelines were advisory rather than mandatory. See *Lockridge*, 498 Mich at 398. This Court did not "leave open any [other] issue [] for further resolution on remand," *Kincade*, 206 Mich App at 481-482, and in keeping with the instructions of the remand order, the trial court determined that it would not have imposed a different sentence in light of *Lockridge*. Accordingly, defendant's new arguments regarding the scoring of OV 3 and OV 10 are outside the scope of the initial remand and we decline to address them. *Id*.

---

[3]*Lyons*, unpub op at 15.

-3-

## III. JUDICIAL FACT-FINDING

Defendant also argues in the alternative that, regardless of any scoring errors, defendant is entitled to a remand for resentencing because the trial court unconstitutionally engaged in judicial fact-finding. We disagree. As this Court stated in the prior appeal, a trial court's use of judge-found facts is permissible in assessing a defendant points for offense variables. The *Lockridge* Court specifically stated that its holding did not "undercut the *requirement* that the highest number of points possible *must be* assessed for all OVs, whether using judge-found facts or not." *Lockridge*, 498 Mich at 392 n 28 (emphasis added). See also *People v Steanhouse*, 500 Mich 453, 465-470; 902 NW2d 327 (2017); *Biddles*, 316 Mich App at 158. Defendant's argument is without merit.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Jonathan Tukel