# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

VALENTINO LAHRON LEE STEWART, JR.,

      Defendant-Appellant.

UNPUBLISHED
May 8, 2018

No. 338726
Ingham Circuit Court
LC No. 14-000463-FC

---

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Defendant, Valentino Stewart, Jr, appeals by right the trial court's order denying his request for resentencing after a *Crosby*[1] remand hearing. We affirm.

In June 2013, Stewart orchestrated a shooting that resulted in the death of Anthony Kye. In Stewart's previous appeal, this Court affirmed Stewart's convictions, but determined that because judicially found facts resulted in an increased minimum sentencing range the case had to be remanded for a *Crosby* hearing under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *People v Stewart*, unpublished per curiam opinion of the Court of Appeals, issued February 18, 2016 (Docket No. 323969). On remand, the trial court determined that it would have imposed the same sentence had it known that the sentencing guidelines were advisory, so it denied Stewart's request for resentencing. The court also rejected Stewart's lawyer's argument that, under *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), the court should reduce Stewart's sentence because he had been a juvenile when he committed the murder.

On appeal, Stewart argues (1) that he is entitled to be resentenced because his sentence violates the principle of proportionality and (2) that the trial court erred by failing to consider *Miller* when determining his sentence. However, in cases "where an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). Thus, "the scope of the second

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

appeal is limited by the scope of the remand." *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975).

Here, the remand was for the trial court to determine whether it would have imposed a materially different sentence in light of *Lockridge* and the now-advisory guidelines. See *Stewart*, unpub op at 8. This Court did not "leave open any [other] issue . . . for further resolution on remand." *Kincade (On Remand)*, 206 Mich App at 481-482. Accordingly, Stewart's challenge to the proportionality of his sentence and the trial court's failure to consider *Miller* are issues outside the scope of the remand order, and we decline to address them.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien