C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW MORRIS BAKER,

        Defendant-Appellant.

UNPUBLISHED
July 19, 2018

No.  339698
Wayne Circuit Court
LC No.  14-010207-01-FH

Before:  CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

Defendant appeals the trial court's order denying resentencing following a *Crosby*[1] remand.  Defendant was convicted by a jury of extortion, MCL 750.213, unarmed robbery, MCL 750.530, unlawful imprisonment, MCL 750.349b, larceny of $1,000 or more but less than $20,000, MCL 750.356a(c)(i), and larceny in a building, MCL 750.360.  Defendant was sentenced to 58 months to 20 years' imprisonment for extortion, 48 months to 15 years' imprisonment for unarmed robbery, 48 months to 15 years' imprisonment for unlawful imprisonment, one to five years' imprisonment for larceny of $1,000 or more but less than $20,000, and one to four years' imprisonment for larceny in a building.  Defendant argues on appeal that the trial court abused its discretion by declining to resentence defendant because his sentence for extortion was unreasonable and disproportionate.  We affirm.

As a preliminary matter, this Court would ordinarily decline to review the trial court's decision not to resentence defendant.  Generally, appeals following a remand are limited to the scope of the remand.  See *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994), citing *People v Jones*, 394 Mich 434; 231 NW2d 649 (1975) ("Where an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand.").  Under *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), a *Crosby* remand is limited to the "determination of *whether* to resentence" defendant.  *United States v Crosby*, 397 F3d 103, 117 (CA 2, 2005).  See also *Lockridge*, 498 Mich at 398, quoting *Crosby*, 397 F3d at 102 ("[T]he trial court shall 'either place on the record a decision not to resentence, with an

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

appropriate explanation, or vacate the sentence and, with the Defendant present, resentence in conformity with' this opinion.").

In defendant's initial appeal, he argued that the trial court improperly engaged in judicial fact-finding to score offense variables (OVs) 1, 8, 10, 14, and 19, and that there was insufficient evidence to support the trial court's OV scoring. This Court affirmed defendant's convictions, finding his evidentiary challenge meritless, and that the trial court properly considered judge-found facts to impose his sentence. *People v Baker*, unpublished per curiam opinion of the Court of Appeals, issued October 13, 2016 (Docket No. 327356), p 12. Nonetheless, this Court remanded the case to the trial court for the limited purpose of allowing defendant "the opportunity to decide whether he wishes to proceed with resentencing consistent with the *Crosby* procedure outlined in *Lockridge*." *Id*. Defendant now argues for a second time that the trial court improperly used judge-found facts to calculate his guidelines range and that his sentence for extortion was unreasonable and disproportionate. These issues are outside the scope of this Court's remand order because they have no relationship to defendant's decision as to whether he wished to proceed with resentencing and the trial court's denial of resentencing, and thus, are not reviewable on this appeal. See *Kincade*, 206 Mich App at 481. Nonetheless, we have briefly addressed defendant's arguments.

## I. JUDICIAL FACT-FINDING

Defendant argues that the trial court improperly engaged in judicial fact-finding to calculate his guidelines range. We disagree.

As this Court stated in the prior appeal, a trial court may consider judge-found facts to assess points for offense variables so long as the trial court's findings are supported by a preponderance of the evidence. *Baker*, unpub op at 12. When our Supreme Court decided in *Lockridge* that Michigan's legislative sentencing guidelines were advisory, it did not undercut the trial court's requirement to assess the highest number of points possible for "all OVs, whether using judge-found facts or not." *Lockridge*, 498 Mich at 391-392 n 28. In fact, "judicial fact-finding remains part of the process of calculating the guidelines." *People v Biddles*, 316 Mich App 148, 159; 896 NW2d 461 (2016). At defendant's *Crosby* remand, the trial court explicitly recognized that the guidelines are advisory and stated that it would have imposed the same sentence knowing now that the sentencing guidelines are advisory. The trial court ultimately determined that it would not have imposed a materially different sentence than the one it gave at his initial sentencing. Because the trial court declined to resentence defendant, it did not find any facts other than those previously found at defendant's sentencing. Regardless, under *Lockridge*, the trial court properly considered judge-found facts to calculate defendant's guidelines range the first time. *Lockridge*, 498 Mich at 391-392 n 28. Accordingly, defendant is not entitled to resentencing.

## II. REASONABLENESS

Defendant also contends that the trial court abused its discretion by declining to resentence him because his sentence was unreasonable. Specifically, defendant argues that although his sentence was within the guidelines range, a sentence that departed below the guidelines range would have been reasonable. We disagree.

This Court is required to review a defendant's sentence for reasonableness only if the sentence is a departure from the recommended minimum sentencing range. *People v Anderson*, __ Mich App __, __; __ NW2d __ (2018) (Docket No. 334219); slip op at 7, citing *Lockridge*, 498 Mich at 365. A minimum sentence that is within the recommended sentencing range "must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Shrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Further, a minimum sentence that is within the appropriate guidelines range is presumptively proportionate and must be affirmed. MCL 769.34(10); *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017). See also *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011), citing *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008).

Defendant's sentence for extortion is not a departure sentence. His 58-month minimum sentence for extortion falls within his sentencing guidelines range of 51 to 85 months. Therefore, defendant's sentence is not reviewed for reasonableness because it is presumed proportionate and must be affirmed on appeal absent an error in scoring. See *Jackson*, 320 Mich App at 527. While defendant concedes that his sentence is within the recommended minimum guidelines range, he contends that there was an error in scoring the guidelines because the trial court used judge-found facts. The trial court can consider judge-found facts to calculate a defendant's guidelines range. *Lockridge*, 498 Mich at 391-392 n 28. Further, defendant has not proffered any evidence that the trial court sentenced defendant on the basis of inaccurate information. Defendant merely argues that he should have been resentenced because defendant was 41 years old when he committed his crimes, attended college for two years, and has three children. However, the trial court already considered this information because it was contained in the presentence investigation report. Because defendant has not demonstrated any error in the trial court's calculation of his sentencing guidelines range, this Court must affirm defendant's sentence for extortion. See *Anderson*, __ Mich App at __; slip op at 7. Accordingly, the trial court did not err even if it engaged in judicial fact-finding in calculating defendant's guidelines range, and defendant has failed to demonstrate that his sentence for extortion is unreasonable or disproportionate.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Peter D. O'Connell