# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CYNTHIA ILLENE FLEMING,

Defendant-Appellant.

UNPUBLISHED
August 16, 2018

No. 341061
Wayne Circuit Court
LC No. 13-001653-01-FC

Before: SWARTZLE, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Cynthia Fleming, appeals as of right the trial court's order denying resentencing for her bench trial convictions of second-degree murder, MCL 750.317, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Fleming was sentenced, within her minimum sentencing guidelines range, to 13½ to 24 years' imprisonment for the second-degree murder conviction and two years' imprisonment for the felony-firearm conviction. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In 2013, Fleming shot her husband, Elmer Boyd, Jr. in the shoulder and the leg and he died. Fleming contended that she shot Boyd in self-defense, and she testified at trial that her relationship with Boyd had been turbulent and violent. She testified that when she entered the living room, Boyd had a firearm on the television table "in the firing position." She stated that she attempted to grab the gun, but Boyd grabbed it first. The two struggled over the gun and it fired two times. Boyd was shot in the back of his right shoulder and his left thigh. The police, however, did not observe any signs of a struggle in the living room, and an officer testified that she did not see any injuries or signs of a struggle on Fleming's body. Further, based on the trajectory of the leg wound, the medical examiner opined that Fleming was standing over Boyd when she shot him in the leg.

Following a bench trial, the trial court rejected Fleming's self-defense claim, and convicted her of second-degree murder and felony-firearm. Fleming appealed to this Court, and we affirmed her convictions, but remanded for correction of the presentence investigative report.[1] Fleming applied for leave to appeal to our Supreme Court, which reversed in part our judgment and remanded to the trial court for a *Crosby*[2] hearing in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *People v Fleming*, 500 Mich 863 (2016). On remand, the trial court declined to resentence Fleming. This appeal follows.

## II. SENTENCING

Fleming contends that the trial court's denial of resentencing constituted an abuse of discretion because her sentence was unreasonable and disproportionate. In particular, she stresses that she is a 61 year old woman with no prior criminal record. We decline to address this argument because it is outside the scope of the remand order.

"[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, *limited to the scope of the remand*, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994) (emphasis added). A *Crosby* remand under *Lockridge* is "[a] remand for a determination of *whether* to resentence." *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005) (emphasis added); see also *Lockridge*, 498 Mich at 398, quoting *Crosby*, 397 F3d at 120 ("[T]he trial court shall 'either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence, and with the Defendant present, resentence in conformity with' this opinion."). Here, Fleming's case was remanded for the specific purpose of determining whether the trial court would have imposed a materially different sentence had it known that the sentencing guidelines were advisory rather than mandatory, and in compliance with that directive, the trial court determined that it would not resentence Fleming. Accordingly, Fleming's proportionality argument is outside the scope of the remand.

Moreover, even if this Court were to reach the substance of Fleming's argument, we would find it to be without merit. Sentences within the guidelines range are "presumptively proportionate and must be affirmed." *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017). "[T]his Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines." *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018), citing *Lockridge*, 498 Mich at 365. "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10). Fleming does not contend that there was a scoring error or that the trial court relied

---

[1] *People v Fleming*, unpublished per curiam opinion of the Court of Appeals, issued February 23, 2016 (Docket No. 323795), rev'd in part 500 Mich 863 (2016).

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

upon inaccurate information. Therefore, Fleming's argument regarding the reasonableness of her nondeparture sentences is without merit.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly