*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ALVIN PERRY JORDAN,

      Defendant-Appellant.

UNPUBLISHED
March 5, 2019

No. 342634
Wayne Circuit Court
LC No. 15-000968-01-FC

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

This case returns to us after remand to the trial court. Defendant was convicted by a jury of first-degree premediated murder, MCL 750.316(1)(a), first-degree felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. This Court affirmed defendant's convictions, but remanded for resentencing on defendant's armed robbery conviction and for correcting the judgement of sentence to reflect one conviction for first-degree murder supported by two different theories: premeditation and felony murder.[1] The trial court resentenced defendant and corrected the judgment of sentence consistent with our prior opinion. Defendant appeals by right, now arguing that his armed robbery conviction and sentence should be vacated on double jeopardy grounds because it was the predicate felony to felony murder. We affirm.[2]

---

[1] *People v Jordan*, unpublished per curiam opinion of the Court of Appeals, issued March 7, 2017 (Docket No. 328474).

[2] We agree with the prosecutor that defendant's argument is outside the scope of remand. See *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). However, because the question raised by defendant is easily answered, we will address why his argument lacks merit.

"The United States Constitution and the Michigan Constitution prohibit placing a defendant twice in jeopardy for a single offense." *People v Meshell*, 265 Mich App 616, 628; 696 NW2d 754 (2005); see also US Const, Am V; Const 1963, art 1, § 15. The prohibition against double jeopardy provides three related protections: "(1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *People v Nutt*, 469 Mich 565, 574-575; 677 NW2d 1 (2004). At issue in this case is defendant's protection against multiple punishments. In *People v Ream*, 481 Mich 223, 240; 750 NW2d 536 (2008), the Supreme Court held "that convicting and sentencing a defendant for both first-degree felony murder and the predicate felony does not violate the 'multiple punishments' strand of the Double Jeopardy Clause if each offense has an element that the other does not."

"The elements of felony murder are (1) the killing of a person, (2) with the intent to kill, do great bodily harm, or create a high risk of death or great bodily harm with the knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of an enumerated felony." *People v Lane*, 308 Mich App 38, 57-58; 862 NW2d 446 (2014). "The elements of armed robbery are: (1) an assault and (2) a felonious taking of property from the victim's presence or person (3) while the defendant is armed with a weapon." *People v Smith*, 478 Mich 292, 319; 733 NW2d 351 (2007). In *Smith*, 478 Mich at 292, the Supreme Court concluded that felony murder and armed robbery were not the same offense for double jeopardy purposes because each offense contains an element that the other does not:

> First-degree felony murder contains elements not included in armed robbery— namely a homicide and a *mens rea* of malice. Likewise, armed robbery contains elements not necessarily included in first-degree felony murder—namely that the defendant took property from a victim's presence or person while armed with a weapon.

Thus, under binding precedent, we must conclude that defendant's conviction and sentence for armed robbery does not violate his constitutional protection against multiple punishments for the same offense.

Affirmed.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola