*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
October 10, 2019

v

No. 344137
Wayne Circuit Court
LC No. 14-009390-01-FC

CARLTON CORDELL CANTRELL,

Defendant-Appellant.

Before: CAVANAGH, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right the order of the trial court on remand denying resentencing. We affirm.

This is defendant's second appeal to this Court. Defendant was convicted after a jury trial of armed robbery, MCL 750.529, and sentenced to 10 to 20 years' imprisonment. In his first appeal to this Court from his conviction, defendant raised several challenges to his sentence, including the challenge that his minimum sentencing guidelines range was constrained by improper judicial fact-finding. This Court concluded that offense variables (OVs) 1, 4, 9, 10, and 19 were assessed points because of facts "not inherently present in the elements of armed robbery and the jury's verdict, so the trial court relied on judicial fact-finding to assess the points." *People v Cantrell*, unpublished per curiam opinion of the Court of Appeals, issued August 18, 2016 (Docket No. 326931), p 8. The points from these OVs increased defendant's minimum sentencing guidelines range from 42 to 70 months to 108 to 180 months. *Id*. Accordingly, this Court affirmed defendant's conviction, but remanded to the trial court for a *Crosby*[1] hearing. *Id*. at 9. Defendant did not challenge his sentence as disproportionate, however, and this Court did not address that issue, nor was that issue part of this Court's remand order.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

On remand, the trial court held a *Crosby* hearing. Defendant requested resentencing, arguing that his minimum sentencing guidelines range was 42 to 70 months without the judicial fact-finding. The trial court entered an order denying resentencing. Reviewing the facts of the case, the trial court stated:

> [I]f I look at the facts and circumstances of the case and don't engage in any frowned upon judicial fact-finding, . . . it's appropriate. And regardless of the discretion and nature of the guidelines, I see no reason that I would impose a materially different sentence than what has already been imposed. So your motion for resentencing is denied. I think that under the facts and circumstances of the case that I would not have done anything materially different than what I did. I think that the sentence that the defendant received was reasonable, fair and proportionate to the law despite the change in the guidelines.

Defendant now contends that the trial court erred by not resentencing him, arguing that his sentence is disproportionate. This issue, however, is not properly before this Court. "[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). During a *Crosby* remand, the trial court must "determine whether [it] would have imposed a materially different sentence but for the constitutional error." *People v Lockridge*, 498 Mich 358, 397; 870 NW2d 502 (2015). In this case, we remanded to the trial court for the limited purpose of a *Crosby* hearing, that is, for the trial court to determine if it would have imposed a materially different sentence had it known that the sentencing guidelines were advisory. *Cantrell*, unpub op at 8. The trial court complied with the remand order by holding a *Crosby* hearing and placing on the record, with an appropriate explanation, its decision that it would not have imposed a materially different sentence.

Defendant did not challenge the proportionality of his sentence in his initial appeal to this Court, and this Court did not remand this case to the trial court on that issue, nor did this Court leave open any other issue for resolution on remand. See *Kincade*, 206 Mich App at 481-482. Because defendant's new assertion of error is outside the scope of the remand order, we decline to address it.[2] *Id.*

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane M. Beckering
/s/ Michael F. Gadola

---

[2] We note that even if defendant's challenge were not outside the scope of the remand, it is without merit. Defendant was sentenced within the applicable sentencing guideline range, and he does not contend that there was an error in scoring or that the trial court relied upon inaccurate information. This Court therefore would be bound to affirm defendant's sentence. See *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016).