*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
January 14, 2020

v

SAEJAR DEONTE PARKER,

        Defendant-Appellant.

No. 345196
Saginaw Circuit Court
LC No. 13-038499-FH

Before: CAMERON, P.J., and SHAPIRO and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order denying resentencing. We affirm.

A jury convicted defendant of one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a), and one count of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a). On October 30, 2013, the trial court sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, within the recommended-guidelines range of 20 to 35 years in prison for his CSC-III conviction and 34 to 180 months in prison for his CSC-IV conviction. On appeal, this Court affirmed defendant's convictions and sentences. *People v Parker*, unpublished per curiam opinion of the Court of Appeals, issued February 24, 2015 (Docket No. 319089), p 4.

Following our decision, our Supreme Court issued *People v Lockridge*, 498 Mich 358, 364, 391; 870 NW2d 502 (2015), which held that the legislative sentencing guidelines, MCL 777.1 *et seq.*, were advisory only. Subsequently, our Supreme Court, under *Lockridge*, remanded this case to the trial court to determine whether the trial court would have imposed a materially different sentence had the guidelines been merely advisory. *People v Parker*, 498 Mich 903; 870 NW2d 912 (2015). On remand, each party submitted a sentencing memorandum. The trial court concluded that defendant's sentence "would not have been any different" had the sentencing judge been aware that the sentencing guidelines were only advisory, and it declined to resentence defendant. This appeal followed.

Defendant argues that the trial court's denial of resentencing constituted an abuse of discretion because his sentence was unreasonable and disproportionate. In particular, defendant

-1-

emphasizes that he "has had very limited opportunities" in life because he has an IQ of 61. We decline to address this argument because it is outside the scope of the Supreme Court's remand order.

"[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, *limited to the scope of the remand*, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994) (emphasis added). During a *Crosby* remand, the trial court must "determine *whether* that court would have imposed a materially different sentence but for the constitutional error." *Lockridge*, 498 Mich at 397 (emphasis added). The Supreme Court remanded defendant's case for the limited purpose of allowing the trial court to determine whether it would have imposed a materially different sentence had it known that the sentencing guidelines were advisory rather than mandatory. *Parker*, 498 Mich 903. The trial court complied with the remand order and determined that it would not resentence defendant. Accordingly, defendant's proportionality argument is outside the scope of this remand.

Further, a sentence within the guidelines range is "presumptively proportionate." *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). This Court is required to review a defendant's sentence for reasonableness only if the trial court imposed a departure sentence. *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018). "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), citing MCL 769.34(10). Defendant does not argue that there was a scoring error or that the trial court relied on inaccurate information. Therefore, we must affirm defendant's sentence. *Id.*

Affirmed.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Brock A. Swartzle