*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
December 22, 2022

v

HURMIZ RISKO ISHAK,

        Defendant-Appellant.

No. 361424
Oakland Circuit Court
LC No. 2018-269052-FC

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant appeals by right the trial court's judgment of sentence in which defendant was sentenced to 4 to 15 years' imprisonment for his jury-trial conviction of third-degree criminal sexual conduct (CSC-III). In an unpublished opinion, we previously remanded the case to the trial court for resentencing, concluding the court improperly relied on acquitted conduct when it departed from the guidelines range when sentencing defendant. *People v Ishak*, unpublished per curiam opinion of the Court of Appeals, issued November 9, 2021 (Docket No. 351367). It is from this sentence that defendant now appeals. Finding no errors warranting reversal, we affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This Court's previous opinion provides a brief and relevant statement of facts:

The 66-year-old defendant, a subdeacon and sacrist, was convicted of CSC-III for inserting his penis into the mouth of the 14-year-old male victim in 2017, at their church in Troy[, Michigan]. The victim testified about numerous sexual acts perpetrated upon him by defendant, including fellatio and anal sex. In a police interview, defendant made statements admitting that his penis entered the victim's mouth one time. The prosecution presented evidence from two other-acts witnesses, who testified that defendant had inappropriately touched them at the church when they were teenagers. At trial, the defense denied any wrongdoing, argued that the victim's testimony was inconsistent and not credible, and argued that defendant never actually made an admission to the police and his allegedly

inculpatory statement was the result of confusion and difficulties with the English language.

> Defendant was charged with three counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, on the basis of the following alleged sexual acts: (1) entry of defendant's penis into the victim's mouth; (2) entry of defendant's penis into the victim's anal opening; and (3) entry of the victim's penis into defendant's mouth. The jury found defendant not guilty of CSC-I for the first count, but guilty of the lesser offense of CSC-III, and not guilty of the remaining two CSC-I charges. [*People v Ishak*, unpublished per curiam opinion of the Court of Appeals, issued November 9, 2021 (Docket No. 351367), p 1.]

Defendant appealed, raising two claims questioning the fairness of the trial and one claim challenging his sentence, which was outside of the guidelines range. *Id*. at 2, 4, 6. This Court affirmed defendant's conviction, *id.* at 2-4, 6, and rejected all but one of his arguments of improper considerations in the guidelines-departure sentence. *Id*. at 7-9. Two of those rejected arguments are relevant here.

First, defendant asserted that the trial court's sentence was "improperly based in part on his ethnicity or religion." *Id*. at 7. Rejecting that argument, we stated:

> MCL 769.34(3)(a) provides that "[t]he court shall not use an individual's . . . race, ethnicity . . . or religion to depart from the appropriate sentence range." Defendant compares the trial court's commentary in this case to those in *People v Gjidoda*, 140 Mich App 294, 301; 364 NW2d 698 (1985), in which this Court concluded that the trial court improperly "considered [the] defendant's ethnic background as a factor in imposing the sentences." *Id.*

*   *   *

> Unlike the trial court's comments in this case, the court in *Gjidoda* expressly stated its intent to use the defendant's ethnic background as part of the sentence. In this case, the trial court's comments do not suggest that it was using defendant's religion or ethnicity to increase his sentence, but rather, it was considering the impact of defendant's conduct on the church and the local ethnic community, which it described as a "shame-based culture," whereby victims are ostracized from the community as of result of this type of conduct. The trial court discussed at length certain factors that are unique to the Chaldean culture, which defendant and the victim were both part of. Considered as a whole, the trial court's comments do not reveal that the court was using defendant's mere ethnicity as a factor in sentencing. [*Ishak*, unpub op at 7-8.]

Second, defendant argued that the trial court "improperly considered the psychological harm to the victim's family" when departing from the guidelines range. *Id*. at 8. This reasoning given by the trial court "was a permissible ground for departure," we stated, because "the trial court was presented with substantial evidence documenting the psychological impact of

defendant's conduct on the victim's family members, which was not accounted for in the scoring of the sentencing guidelines . . . ." *Id.*

We agreed, however, that acquitted conduct was an improper consideration in violation of *People v Beck*, 504 Mich 605, 609; 939 NW2d 213 (2019), and remanded for resentencing. *Ishak*, unpub op at 9. At resentencing, the trial court handed down the same sentence, departing from the guidelines range on the basis of several aggravating factors the court reasoned were not accounted for in the sentencing guidelines but "specifically not taking into consideration the factors that the Court of Appeals found were improper; that being non-adjudicated conduct." This appeal followed.

## II. STANDARD OF REVIEW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "The standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Lampe*, 327 Mich App 104, 125; 933 NW2d 314 (2019) (quotation marks, citation, and alteration omitted). The "abuse of discretion standard acknowledges that there will be circumstances in which . . . there will be more than one reasonable and principled outcome." *People v Skinner*, 502 Mich 89, 133; 917 NW2d 292 (2018) (quotation marks and citation omitted). An abuse of discretion occurs "when the trial court chooses an outcome falling outside this principled range of outcomes." *Id.* (quotation marks and citation omitted).

## III. DISCUSSION

Defendant argues the trial court abused its discretion when it resentenced defendant, claiming the sentencing judge departed from the guidelines for the following improper reasons: (1) defendant's and victim's ethnicity and religion, and (2) the psychological harm suffered by the victim's family members. These are arguments we already rejected in defendant's prior appeal, and we do so again today.

Indeed, defendant concedes that the law-of-the-case doctrine applies to this appeal. Under the law-of-the-case doctrine, once an appellate court has resolved a legal question and remanded the case for further proceedings, the legal question will not be differently determined in subsequent proceedings in the same case where the facts remain materially the same. *People v Zitka*, 335 Mich App 324, 334; 966 NW2d 786 (2020). "The law-of-the-case doctrine provides that an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case." *People v Owens*, 338 Mich App 101, 120; 979 NW2d 345 (2021) (quotation marks and citation omitted). "The binding nature of the doctrine typically applies without regard to the correctness of the prior determination." *Zitka*, 335 Mich App at 334 (quotation marks and citation omitted). "However, particularly in criminal cases, the law of the case doctrine is not inflexible and need not be applied if it will create an injustice." *Id.* (quotation mark, citation, and alteration omitted). "An injustice may occur when there has been an intervening change in the law or when the prior opinion was clearly erroneous." *Id.* (quotation marks and citations omitted).

The two bases for reversal that defendant raises in this appeal—improper consideration of defendant's and victim's ethnicity and religion in sentencing, and improper consideration of psychological injury to the victim's family members in sentencing—were considered and rejected by this Court in the previous appeal. *Ishak*, unpub op at 7-8. Defendant has not identified any material change in the facts or subsequent change in the law that has occurred since and, therefore, it would not be an injustice to apply the law-of-the-case doctrine in this case. See *Zitka*, 335 Mich App at 334. As a result, we decline to address these issues a second time.

Moreover, the arguments presented by defendant in this appeal are outside the scope of this Court's remand, which was only to address the *Beck* issue. *Ishak*, unpub op at 9. When "an appellate court remands for some limited purpose," any subsequent appeal is "limited to the scope of the remand." *People v Kincade*, 206 Mich App 477, 481; 522 NW2d 880 (1994). Therefore, defendant's arguments regarding the sentencing considerations of defendant's and victim's religion and ethnicity and the psychological injury to the victim's family members are not properly before this Court. *Id*. As such, we need not consider the merits of defendant's arguments in this appeal.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett