# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW JAMES BLUMKE,

        Defendant-Appellant.

UNPUBLISHED
August 21, 2018

No. 338058
Macomb Circuit Court
LC No. 2013-004546-FC

Before: CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Defendant appeals the trial court's order denying defendant resentencing on a *Crosby*[1] remand. A jury convicted defendant of assault by strangulation, MCL 750.84(1)(b), unlawful imprisonment, MCL 750.349b, malicious destruction of personal property less than $200, MCL 750.377a(1)(d), and interference with reporting a crime, MCL 750.483a(2)(a). Defendant was acquitted at trial of cruelty to one animal, MCL 750.50(4)(a). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 19 to 40 years' imprisonment for assault by strangulation, 19 to 40 years' imprisonment for unlawful imprisonment, 93 days in jail for malicious destruction of personal property, and 274 days in jail for interference with reporting a crime.

On appeal, defendant argues that the trial court made several procedural errors during the *Crosby* remand hearing, his sentencing guidelines range was improperly scored, his sentence for assault by strangulation and unlawful imprisonment was unreasonable and disproportionate, and his presentence investigation report needs correction. Defendant filed a Standard 4 Brief in which he also argues that the trial court made the same procedural errors, his sentencing guidelines range was improperly scored, his sentence was unreasonable and disproportionate, and his fourth habitual offender status was invalid. In light of our decision in *People v Howard*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 336150), we remand this matter for a new *Crosby* hearing so defendant may appear in person before the newly assigned judge. In all other respects, defendant's claims are without merit.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant's convictions arise from a violent altercation between defendant and his former girlfriend, EH. During this assault, defendant choked and strangled EH, and told her multiple times that he was going to kill her. Defendant bit EH on the cheek and arm. Defendant physically prevented EH from leaving their upstairs apartment more than once. He ordered her into the bathroom and demanded that she stay in the bath tub while the hot water ran. A neighbor in the apartment complex heard the sounds of the struggle and called the police.

Defendant was tried by a jury, convicted of four of the five charges, and sentenced. Defendant appealed, and this Court issued an opinion affirming defendant's convictions, but remanding for a *Crosby* hearing pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *People v Blumke*, unpublished per curiam opinion of the Court of Appeals, issued February 23, 2016 (Docket No. 323199). This Court agreed with defendant's argument that offense variables (OVs) 3, 4, 7, and 8 were scored using judicial fact-finding, and therefore, a *Crosby* remand was necessary. *Id*. at 4. This Court provided:

> The prosecutor concedes on appeal, and we agree, that even if there is record support for the scoring of these variables, none of defendant's convictions . . . required the jury to make the findings necessary to score them. Moreover, in his testimony at trial, defendant did not provide any information about the victim's medical or psychological treatment under OVs 3 and 4, or specifically admit that he caused aggravated physical abuse or committed asportation or captivity according to OVs 7 and 8. Because the reduction in the scoring of OVs 3, 4, 7, and 8 that defendant advocates would change defendant's sentencing guidelines range, defendant has made a sufficient showing of plain error to justify remanding this case to the trial court to allow it to determine whether, now aware of the advisory nature of the guidelines, it would have imposed a materially different sentence. [*Id*. at 5-6.]

On remand, defendant filed a resentencing memorandum, and the prosecution filed a response. A *Crosby* remand hearing was held, but defendant did not appear. The trial court issued an opinion and order denying resentencing, concluding that OVs 3, 4, 7, and 8 were properly scored. The court provided:

> Consequently, when all of the facts are used to score the highest number of points possible, the advisory applicable guidelines range does not change. Moreover, in light of defendant's prolonged attacks on the victim, the severity of those attacks, the numerous threats to kill [EH] during the attacks and his plentiful rehabilitative failures, substantial and compelling reasons exist to depart from any lesser guidelines range from a reduction in the scoring of OVs 3, 4, 7 and 8. A substantial sentence was warranted in this matter and a materially different sentence would not be imposed under any guidelines range.
>
> Therefore, any error in scoring OVs 3, 4, 7 and 8 was harmless and did not result in any prejudice to defendant.

Defendant now appeals this order denying him resentencing on remand, and he limits his arguments to the assault by strangulation and unlawful imprisonment sentences.

## II. STANDARDS OF REVIEW

This Court reviews a trial court's denial of a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes," *People v Everett*, 318 Mich App 511, 516; 899 NW2d 94 (2017) (citation and quotation marks omitted), or "when it makes an error of law," *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). This Court reviews de novo the proper interpretation and application of the statutory guidelines. MCL 777.11 *et seq.*; *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006).

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citations omitted).]

## III. NEWLY APPOINTED JUDGE AFTER *HOWARD*

The Michigan Supreme Court in *Lockridge* determined that Michigan's sentencing guidelines scheme violated the Sixth Amendment, and therefore, rendered them advisory to remedy the problem. *Lockridge*, 498 Mich at 391. Based on *Crosby*, the Supreme Court determined that "all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure can establish a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Id*. at 395. If the case is remanded, the trial court must determine whether it would have imposed a "materially different sentence but for the constitutional error." *Id*. at 397. If so, the trial court shall order resentencing. *Id*. Defendant's initial appeal was remanded for the trial court to make this determination. *Blumke*, unpub op at 6.

The procedure for a *Crosby* remand as set forth in *Lockridge* is:

> [O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by law, if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the "circumstances existing at the time of the original sentence." [*Lockridge*, 498 Mich at 398 (citations omitted).]

In this case, defendant filed a memorandum of resentencing on remand, which the court treated as a motion for resentencing. Although not required by *Lockridge*, the trial court held a *Crosby* hearing. The trial court heard the arguments of both parties. Because the trial court was conducting only a *Crosby* hearing, and not an actual resentencing, defendant was not entitled to be present under *Lockridge*. Thus, the four procedural requirements for a *Crosby* remand were met. *Lockridge*, 498 Mich at 398. Defendant, however, contends that in light of our decision in *Howard*, he is entitled to a new *Crosby* hearing because he needed to be present before the newly appointed judge. We agree.

Generally, at a *Crosby* hearing, the trial court "need not have the defendant present when it decides whether to resentence the defendant, but [ ] must have the defendant present, as required by law, if it decides to resentence the defendant." *Lockridge*, 498 Mich at 398. Defendant did not appear at the *Crosby* hearing, but his counsel appeared before the trial court and argued on defendant's behalf. Pursuant to *Lockridge*, defendant did not need to be present because the trial court decided against resentencing defendant. *Id*. The *Howard* decision was issued after defendant filed his brief on appeal. Defendant filed supplemental authority in this Court, arguing that, under *Howard*, he is entitled to a new *Crosby* remand so that he may be present at the hearing.

In *Howard*, this Court explained that the defendant appealed the trial court order following a *Crosby* remand. *Howard*, ___ Mich App at ___; slip op at 1. The original sentencing judge had retired and a successor judge presided over the *Crosby* remand. *Id*. at ___; slip op at 1-2. The successor judge did not appoint an attorney for the defendant, seek input from the defendant or defense counsel, or hold a hearing. *Id*. at 2. Rather, within only a few days of being assigned the case, the judge entered an order, stating he would not impose a materially different sentence and denying resentencing. *Id*. On appeal, the defendant argued that the trial court did not follow the procedural requirements for a *Crosby* hearing because he was not given an opportunity to inform the court that he would not seek resentencing, and he was entitled to representation at the *Crosby* hearing. *Id*. at ___; slip op at 3-4. We agreed and remanded for resentencing.

This Court then took a step further, establishing a new rule that addresses instances when a *Crosby* remand is held before a judge different than the sentencing judge. *Id*. This Court held:

> When a newly assigned judge handles a *Crosby* remand without ever encountering the defendant, both the personal nature of sentencing, . . . and perceptions of the fairness, integrity, and public reputation of the judicial proceeding are called into question. We conclude that when the original sentencing judge is unavailable, in addition to following the other *Crosby* remand requirements the assigned judge must allow the defendant an opportunity to appear before the court and be heard before the judge can decide whether it would resentence the defendant. Because that opportunity was not given to defendant in this matter, and because he was deprived of counsel and the input of counsel at the time of the *Crosby* remand, we vacate the trial court's order and remand for further proceedings. [*Id*. at ___, slip op at 7-8 (footnotes and citation omitted).]

-4-

The facts of this case differ from those in *Howard*. Defendant was sentenced by Macomb Circuit Court Judge Mary A. Chrzanowski in 2014. Her successor, Macomb Circuit Court Judge Michael E. Servitto, presided over the *Crosby* hearing in 2017. Unlike *Howard*, in this case, defendant was appointed counsel to represent his interests at the *Crosby* remand hearing. Further, unlike *Howard*, Judge Servitto sought defense counsel's input, and considered the resentencing memorandum he filed. And, although not required by *Lockridge*, Judge Servitto even held a hearing where defendant's counsel argued on defendant's behalf. Thus, the trial court complied with the procedural requirement that it obtain the views of defendant's counsel. *Lockridge*, 498 Mich at 398. Moreover, unlike *Howard*, where this Court's concern seems to be that the successor judge appeared to have given only a cursory review to the defendant's remand request (the trial court's order was entered "within days of being assigned the case," *Howard*, ___ Mich App at ___; slip op at 2), Judge Servitto afforded defendant the procedural guarantees mandated by *Lockridge*. However, after *Howard*, a successor judge assigned to a defendant's *Crosby* remand "must allow the defendant an opportunity *to appear before the court* and be heard before the judge can decide whether it should resentence defendant." *Howard*, ___ Mich App at ___; slip op at 7 (emphasis added).

The question turns on whether *Howard* is applicable to defendant's case. " 'Judicial decisions are generally given complete retroactive effect unless the decisions are unexpected or indefensible.' However, decisions may be limited to prospective effect if injustice could result from retroactivity. For example, a decision overruling settled precedent may be limited to prospective application." *People v Meshell*, 265 Mich App 616, 640-641; 696 NW2d 754 (2005) (citations omitted). We acknowledge that the trial court went beyond the procedural guarantees under *Lockridge*, and although we question the rationale in *Howard*, we are bound by that decision. MCR 7.215(C)(2). Given that defendant was not present at the hearing, remand for a second *Crosby* hearing is required under *Howard* so that defendant may attend and be heard. At the hearing, the trial court's only task is to determine whether it would have imposed a materially different sentence under the advisory nature of the guidelines.

Because remand is necessary under *Howard*, we need not address the remaining issues. For purposes of finality, however, we address defendant's other arguments.

## IV. FAILURE TO ADDRESS THE OV SCORING

Defendant contends that, at the *Crosby* hearing, the trial court erred when it did not allow defense counsel to address defendant's challenges to the OV scoring. Defendant also argues in his Standard 4 Brief that several OVs were improperly scored. We disagree with both assertions.

Defendant argues on appeal that the trial court erred in not allowing defense counsel to address his challenges to the particular OV scores at the *Crosby* hearing. At the *Crosby* hearing, defense counsel argued that OVs 3, 4, 7, and 8 were erroneously scored, and rescoring them would result in a much lower sentencing guidelines range. However, he did not explain why each was incorrectly scored at either the *Crosby* hearing or in his resentencing memorandum. The prosecution argued that defendant failed to raise an evidentiary challenge to the OV scores in his prior appeal, and the issue on remand was solely whether the trial court would have sentenced defendant to a materially different sentence had it known that the guidelines were advisory.

"[W]here an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade (On Remand)*, 206 Mich App 477, 481; 522 NW2d 880 (1994). "[T]he scope of the second appeal is limited by the scope of the remand." *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975). In this case, the opinion by this Court regarding defendant's initial appeal explicitly provided that the trial court's only issue on remand was whether it would have imposed a materially different sentence based on the advisory nature of the guidelines. *Blumke*, unpub op at 6. Defendant was only entitled to resentencing on remand if the trial court determined that it would have imposed a materially different sentence. *Lockridge*, 498 Mich at 397. Thus, the trial court did not err when it failed to permit defense counsel to address defendant's challenges to the OV scores on remand. However, because the trial court discussed the OVs in its opinion and order, we address them herein.

The trial court "must use the sentencing guidelines, as provided by law." MCR 6.425(D). This means that the trial court must consult the sentencing guidelines, calculate the recommended sentencing guidelines sentence range, and take the range into account when determining a defendant's sentence. *Lockridge*, 498 Mich at 391-392. The sentencing court must also score all prior record variables (PRVs) in addition to the OVs. MCL 777.21(1)(b); *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "The offender's offense variables score and prior record variables score are then used with the sentencing grids to determine the recommended minimum sentence range under the guidelines." *Morson*, 471 Mich at 255, citing MCL 777.21(1)(c). Pursuant to the sentencing guidelines, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *Hardy*, 494 Mich at 438. OVs 3, 4, 7, and 8 apply to the offense category of crimes against a person. MCL 777.22(1).

## 1. OV 3

OV 3 involves physical injury to a victim and is scored pursuant to MCL 777.33(1). Ten points are assessed for OV 3 when "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). The statute defines "requiring medical treatment" as "the necessity for treatment and not the victim's success in obtaining treatment." MCL 777.33(3).

Defendant was assessed 10 points for OV 3. Defendant argues that OV 3 was improperly scored because the scoring offense was unlawful imprisonment, but OV 3 was based upon the assault, and the strangulation was completed before the scoring offense. Defendant argues in his Standard 4 Brief that OV 3 was scored incorrectly because it was related to the assaultive crime, EH's skin was not broken, and she did not seek medical treatment until several days after the assault.

OVs are properly scored in reference to the sentencing offense only, except when the language of a particular OV statute specifically provides otherwise. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016). The "sentencing offense" is the crime for which the defendant was convicted and is being sentenced. *Id*. Only conduct that relates to the offense being scored may be considered when scoring an OV. *Id*. at 348-349. Conduct that occurs after an offense is completed does not relate back to the sentencing offense. *People v Gray*, 297 Mich App 22, 33; 824 NW2d 213 (2012). "[R]ather, the variable must be scored on the basis of

conduct occurring during the sentencing offense." *Id*. Although unlawful imprisonment is indicated as the "offense title" on the sentencing information report (SIR), and is alleged by defendant to be the sentencing offense, defendant was sentenced to 19 to 40 years' imprisonment for two of his convictions—assault by strangulation and unlawful imprisonment. Moreover, defendant injured EH several times in different ways throughout the course of the altercation. Although the strangulation occurred before the first time that defendant prevented EH from exiting the apartment, the assessment of points for OV 3 is not limited to the injuries EH sustained by being strangled. Defendant slammed the door shut on EH the first time she tried to escape, bit her arm, tackled her the second time she ran to the door, and threw a light bulb and other objects at her while she was in the bath tub.

There is sufficient evidence in the record to support an assessment of 10 points for OV 3. Defendant strangled, hit, and bit EH. She testified that defendant bit her so hard that she "thought he was going to go through the skin." He slammed her to the ground by the neck. When EH tried to run out of the front door, defendant slammed it shut on her arm and leg, causing bruises. Defendant dragged EH by her head, hair, arms, and legs, and forced her into a bath tub with hot water. Photographs taken by police indicated bite marks, cuts and scrapes around EH's neck, and broken blood vessels around her eyes. Although EH declined medical assistance from the responding ambulance, she testified that she went to the emergency room that day and was treated for her neck injuries and bites. EH testified that she was a singer, but could no longer sing because she could not fully open her mouth after this incident. Medical records provided to the lower court at sentencing indicated that EH was treated at the hospital a few days after the incident took place. On November 4, 2013, she was treated for hoarseness of voice due to strangulation. The court relied on this medical proof to determine that she incurred a bodily injury requiring medical treatment. Thus, defendant was correctly assessed 10 points for OV 3 because EH suffered a bodily injury requiring medical treatment. MCL 777.33(1)(d).

## 2. OV 4

OV 4 involves psychological injury to the victim of a crime. MCL 777.34. Ten points are assessed for OV 4 if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). Ten points are assessed under MCL 777.34(1)(a) if the serious psychological injury *may* require professional treatment. MCL 777.34(2) (emphasis added). "In making this determination, the fact that treatment has not been sought is not conclusive." MCL 777.34(2). See also *People v Lockett*, 295 Mich App 165, 182-183; 814 NW2d 295 (2012). There must be some evidence of a psychological injury on the record to assess points pursuant to OV 4. *Lockett*, 295 Mich App at 183. However, if a victim expresses fearfulness or anger, this can constitute sufficient evidence of a psychological injury. *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012).

Defendant has not demonstrated that the trial court improperly assessed 10 points for OV 4 under MCL 777.34(1)(a). "The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). In *People v Schrauben*, 314 Mich App 181, 197; 886 NW2d 173 (2016), this Court upheld the trial court's assessment of 10 points for OV 4 based, in part, on a letter from the

victim that was discussed in the trial court wherein the victim stated that the past few years had been "a struggle for him psychologically."

"A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence." *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). The record evidence that the trial court may consider includes the presentence investigation report (PSIR). *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). In addition, "[t]he trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012).

EH testified at trial that she had "got through a lot of therapy" to assist her in retelling the events that night. EH went to a doctor after for post-traumatic stress disorder. EH testified at trial that the text messages that defendant sent her when he initially left the apartment scared her. Defendant repeatedly told EH that he was going to kill her while he strangled her with both hands. EH was so fearful that she told defendant she believed she defecated in her pants so she could get away from him. EH testified that she was afraid she was going to die. The PSIR indicated that EH attended professional counseling since the assault and moved from her apartment because she no longer felt safe living there. "She [was] afraid that the defendant will get out of jail and come back to kill her." EH appeared at the sentencing hearing, and informed the court that she had sought counseling and saw a therapist. Thus, 10 points were properly assessed for OV 4 pursuant to MCL 777.34(1)(a).

### 3. OV 7

OV 7 involves aggravated physical abuse. MCL 777.37(1); *Hardy*, 494 Mich at 439. Fifty points are assessed for OV 7 under MCL 777.37(1)(a) if:

> A victim was treated with sadism, torture, excessive brutality or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense.

The statute defines "sadism" as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." MCL 777.37(3). As "torture" is not defined by the statute, this Court has used the dictionary definition: " 'the act of inflicting excruciating pain, as punishment or revenge, as a means of getting a confession or information, or for sheer cruelty.' " *People v Glenn*, 295 Mich App 529, 533; 814 NW2d 686 (2012), rev'd on other grounds by *Hardy*, 494 Mich at 448, quoting *Random House Webster's College Dictionary* (2nd ed). "Excessive brutality means savagery or cruelty beyond even the 'usual' brutality of a crime." *Glenn*, 295 Mich App at 533.

The record is replete with examples of excessive brutality. Defendant lifted EH up by the neck, and slammed her to the ground. He strangled her with both hands. He put her in a headlock. He bit her on the cheek and on the arm. He pulled her back up the stairs twice, by her head, hair, and limbs. He forced her into the bath tub with the water turned on at the hottest temperature, instructing her to get closer to the spout. Defendant was correctly assessed 50 points for OV 7. MCL 777.37(1)(a).

## 4. OV 8

OV 8 involves asportation or captivity of a victim. MCL 777.38. Fifteen points are assessed pursuant to MCL 777.38(1) for OV 8 if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." This statute does not define the term, "asported." If a victim is carried away or removed to another place of greater danger, or a situation of greater danger, then the statutory language in MCL 777.38(1)(a) is satisfied. *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017). The statute does not require that the movement be greater than necessary to commit the sentencing offense. *Id*. A place of greater danger includes an isolated location where crimes may avoid detection. *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013), abrogated on other grounds by *Barrera*, 500 Mich at 17. In *Barrera*, the defendant took the victim from the living room into his bedroom to sexually assault her. *Barrera*, 500 Mich at 21-22. The victim was removed to a location where a sexual assault was less likely to be discovered, thereby rendering the bedroom a "place of greater danger" or a "situation of greater danger." *Id*. at 22. "Asportation does not require force; asportation for the purpose of OV 8 may occur even when the victim voluntarily accompanied the defendant to a place or situation of greater danger." *Dillard*, 303 Mich App at 379. Pursuant to the plain meaning of the term "asportation," movement of a victim that is incidental to the commission of a crime constitutes asportation. *Barrera*, 500 Mich at 17.

There is evidence of asportation in this matter. EH tried to leave the apartment twice through the first floor door to the apartment, and defendant physically moved her from the stairwell of the building back into the apartment. He testified that he kept her inside so that they would not get in trouble. This avoided detection of what was occurring inside. *Dillard*, 303 Mich App at 379. Once they were back upstairs, EH was asported into the bathroom. Defendant argues that EH voluntarily went to the bathroom because she thought that she had defecated in her pants. But a victim's voluntary movement does not preclude asportation. *Id*. EH testified that she said that she needed to use the bathroom only because she was trying to get away from defendant, and defendant walked her to the bathroom with his hand on her neck or back. Because it was located upstairs, the bathroom was an isolated location where criminal activities could avoid detection. *Id*. Additionally, the bathroom was a place of greater danger as defendant forced EH into the bath tub while the hot water was running, and defendant threw objects at EH while she was in the tub. Defendant was correctly assessed 15 points for OV 8. MCL 777.38(1)(a).

## V. REASONABLENESS OF SENTENCE

On appeal, defendant argues that the trial court erred when it failed to articulate how defendant's sentence was reasonable and proportionate, and that his sentence was, in fact, not reasonable or proportionate. Similarly, defendant argues in his Standard 4 Brief that his sentence was a departure sentence, and it was unreasonable and disproportionate, in part, because it was not similar to other offenses by other offenders in similar cases. We disagree with the assertion that the trial court erred when it failed to address reasonableness.

This Court reviews a sentence that was imposed pursuant to the sentencing guidelines to determine whether the sentence is reasonable. *Lockridge*, 498 Mich at 365. A sentence is

-9-

reasonable if it is proportionate to the seriousness of the circumstances of the offense and the offender. *People v Steanhouse*, 500 Mich 453, 475; 902 NW2d 327 (2017). The "key test" of a reasonable sentence "is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *People v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990), abrogation recognized by *Steanhouse*, 500 Mich at 459-460. This Court reviews the trial court's determination of a reasonable sentence for an abuse of discretion. *Steanhouse*, 500 Mich at 471.

A remand for the trial court to address the reasonableness and proportionality of defendant's sentence is not required because these issues are outside the scope of the remand. *Blumke*, unpub op at 1-6. The sole purpose of the remand for the *Crosby* hearing was for the trial court to determine whether it would have imposed a materially different sentence under the advisory nature of the sentencing guidelines. *Id*. at 6. The reasonableness of defendant's sentence was not addressed at the *Crosby* hearing, or analyzed in this Court's opinion and order. *Id*. at 1-6. This appeal is limited to the scope of the remand. *Kincade (On Remand)*, 206 Mich App at 481; *Jones*, 394 Mich at 435-436. Thus, the trial court did not err when it declined to address on remand the reasonableness and proportionality of defendant's sentence for assault by strangulation and unlawful imprisonment.

Nonetheless, we address this issue given defendant's confusion regarding a "departure sentence" in his Standard 4 Brief. Defendant was sentenced as a fourth habitual offender to 19 to 40 years' imprisonment for assault by strangulation and unlawful imprisonment. The sentencing guidelines range was calculated at 58 to 228 months' imprisonment. Defendant's minimum sentence was equivalent to the top of the sentencing guidelines range. Defendant argues that his sentence was unreasonable and disproportionate when considering his prior record and the surrounding circumstances at the time of this incident. However, contrary to defendant's arguments in his Standard 4 Brief, defendant's sentence was not a departure sentence. Defendant's minimum sentence of 19 years' imprisonment falls within the sentencing guidelines range of 58 to 228 months' (19 years) imprisonment (SIR). "[A] sentence within the guidelines range is presumptively proportionate." *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). To overcome the presumption that a sentence is proportionate, the defendant "must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). Defendant has not overcome the presumption of proportionality. The violent facts of the case, coupled with defendant's criminal record and status as a fourth habitual offender, meet the standard for proportionality provided in *Milbourn*. Therefore, defendant's sentences for assault by strangulation and unlawful imprisonment are not disproportionate or unreasonable.

In addition, this Court is only required to review sentences that depart from the recommended statutory guidelines range for reasonableness. *Lockridge*, 498 Mich at 365. Because the trial court sentenced defendant for assault by strangulation and unlawful imprisonment within the sentencing guidelines range, this Court does not need to evaluate defendant's sentence for reasonableness, and defendant's sentence must be affirmed absent an error in scoring or reliance on inaccurate information. *Schrauben*, 314 Mich App at 196, citing MCL 769.34(10). MCL 769.34(10) provides:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

Defendant's minimum sentence of 19 years' imprisonment falls within the sentencing guidelines range. Defendant's argument that there was an error in scoring the guidelines and that the trial court relied on inaccurate information to determine his sentence lacks merit.

In defendant's Standard 4 Brief, he lists several unpublished decisions comparing the convictions and sentences imposed therein to his convictions and sentences in this case, claiming there exists a "radical sentence disparity" between his sentence and the sentences in the list of cases that he provides. Unpublished opinions are not binding under the rule of stare decisis. MCR 7.215(C)(1). The sentencing guidelines were designed to promote uniformity in sentencing criminals and to ensure that criminals with similar offenses and offender characteristics received sentences that were substantially similar. *People v Smith*, 482 Mich 292, 302; 754 NW2d 284 (2008). Although defendant argues that he was not sentenced similarly to other offenses and offenders, defendant was sentenced within the sentencing guidelines applicable for a fourth habitual offender. Because defendant's sentence is within the sentencing guidelines, it is presumptively proportional. *Powell*, 278 Mich App at 323. Therefore, defendant's argument in his Standard 4 Brief related to similar sentences for similar offenses and offenders lacks merit.

## VI. CORRECTION TO PSIR

On appeal, defendant argues that his PSIR contains several pieces of inaccurate information, and because he is entitled to be sentenced based on accurate information, this matter should be remanded for correction of the PSIR.[2] We disagree.

"A challenge to the validity of information contained in the PSIR may be raised at sentencing, in a proper motion for resentencing, or in a proper motion to remand." *People v Lloyd*, 284 Mich App 703, 706; 774 NW2d 347 (2009), citing MCL 769.34(10). See also MCR 6.429(C). Defendant did not raise any challenges to the PSIR at the sentencing hearing. In fact, defense counsel asserted that the PSIR was factually accurate and correct, and that there were no additions or deletions. Defendant did not raise any challenges to the PSIR in his initial appeal, and the only issue on remand was whether the trial court would have imposed a materially different sentence under the advisory nature of the guidelines. *Blumke*, unpub op at 6. Defendant did not raise any challenges to the PSIR in his resentencing memorandum filed on remand, but instead asserts that his motion to remand filed in this Court preserves this issue on appeal pursuant to MCL 769.34(10). We disagree. Because defendant did not initially challenge the PSIR at sentencing or in his initial appeal, and the scope of this appeal is limited to the issue on remand, defendant's motion to remand regarding this appeal does not preserve this issue. Therefore, review by this Court is for plain error. *People v Kimble*, 470 Mich 305, 312; 684

---

[2] Defendant did not address this issue in his Standard 4 Brief.

NW2d 669 (2004). The defendant must show "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

The trial court gave defendant an opportunity to review the PSIR and challenge the accuracy of the information therein at the sentencing hearing. "It is presumed that unchallenged information in the PSIR is accurate." *People v Maben*, 313 Mich App 545, 553; 884 NW2d 314 (2015). A judge may rely on the information in the PSIR unless the defendant raises an effective challenge. *Id*. When information is challenged, the sentencing court may determine its accuracy, accept the defendant's version, or disregard the challenged information. *Id*. at 554. Information found to be inaccurate or irrelevant within the PSIR must be stricken. MCL 771.14(6); *Lloyd*, 284 Mich App at 705-706. If the trial court does not rely on the challenged information, resentencing is not required. *People v Spanke*, 254 Mich App 642, 650; 658 NW2d 504 (2003), overruled on other grounds by *Barrera*, 500 Mich 14 (2017). Rather, the appropriate remedy is a remand to correct the PSIR. *Id*.

Defendant argues that he is entitled to resentencing based on inaccuracies in the PSIR. However, this argument is outside the scope of this Court's remand to the trial court, which limited the issue on remand to whether the trial court would have sentenced defendant in a substantially different manner based on the advisory nature of the guidelines. *Blumke*, unpub op at 6. Thus, this Court need not address this issue, especially in light of defendant's failure to preserve the issue and improper presentation of the issue on appeal. *Kincade (On Remand)*, 206 Mich App at 481; *Jones*, 394 Mich at 435-436.

Moreover, while defendant raised this challenge in his motion to remand and brief on appeal, he did not present the arguments that he raises on appeal at sentencing, in a motion for resentencing, or in a motion to remand, before this matter was remanded for a limited purpose. Rather, defendant asserted at sentencing that the PSIR was factually accurate and no corrections were needed. "Waiver" is "the intentional relinquishment or abandonment of a known right." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (citation omitted). " 'One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.' " *Id*. (citation omitted). If defense counsel expresses satisfaction with a decision of the trial court, this action constitutes waiver. *Id*. Thus, defendant waived this issue for appellate review because defense counsel verbally assented to the accuracy of the PSIR at sentencing. *People v Carter*, 462 Mich 206, 218-219; 612 NW2d 144 (2000).

## VII. NOTICE OF SENTENCE ENHANCEMENT

In defendant's Standard 4 Brief, he argues that his sentences for assault by strangulation and unlawful imprisonment should be vacated, and his fourth habitual offender status was invalid

-12-

because he was not served with the notice, the prosecution did not file a proof of service, and the notice contained inaccurate information.[3] We disagree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011) (citation and quotation marks omitted). Defendant failed to argue in the trial court that the requirements for filing a notice of enhanced sentence were not met, and he first raises this issue in his Standard 4 Brief. Therefore, this issue is unpreserved. *Id*. Unpreserved issues are reviewed for plain error affecting defendant's substantial rights. *Id*. The defendant must show "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Kimble*, 470 Mich at 312.

With regard to the requirements for filing notice of an enhanced criminal sentence, MCL 769.13 provides, in relevant part:

(1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

(2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.

An order substituting Dennis A. Johnston as defendant's attorney was entered on November 6, 2013. Defendant was bound over on the charges after waiving a preliminary examination on December 6, 2013, and Johnston was listed as defendant's attorney on the preliminary examination waiver form. The felony information was filed on December 18, 2013, and the prosecutor's notice of fourth habitual offender status was filed December 19, 2013. The register of actions indicated that arraignment was waived on December 23, 2013. Thus, the prosecution filed the notice within 21 days after the information was filed, in accordance with MCL 769.13(1).

---

[3] Defendant did not address this issue in his brief on appeal, and the prosecution did not file a response to defendant's Standard 4 Brief.

Defendant argues that neither he, nor his attorney, was served with the notice. MCL 769.13(2) provides that notice may be served personally upon a defendant or his attorney, but only requires the prosecution to file written proof of service with the court clerk. Defendant is correct that there is no proof of service for the notice of habitual offender status in the lower court record and none listed in the register of actions. However, the prosecution's failure to file a proof of service of intent does not automatically require reversal. Defendant does not deny actual knowledge of the prosecutor's intent. In fact, he admitted that he was made aware of his fourth habitual offender status at the pretrial hearing. The prosecution's failure to file a proof of service was harmless error. *People v Head*, ___ Mich App ___; ___ NW2d ___ (2018) (Docket No. 334255), slip op at 8; *People v Walker*, 234 Mich App 299, 314-315; 593 NW2d 673 (1999). Therefore, defendant's fourth-offense habitual offender notice remains in effect.

Regarding defendant's arguments that there is inaccurate information contained in the notice, this determination is not properly before the Court as it is raised for the first time on appeal in defendant's Standard 4 Brief, and it is outside the scope of the *Crosby* remand. *Danto*, 294 Mich App at 605; *Kincade (On Remand)*, 206 Mich App at 481; *Jones*, 394 Mich at 435-436.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel

-14-